## Slone v. Elkhorn Coal Corporation.

(Decided May 12, 1925.)

Appeal from Knott Circuit Court.

1. Judgment—Institution of Former Action by Plaintiff in Ejectment for Possession of Same Land, Without her Knowledge, Consent, or Authority, Held Not Shown.—Evidence held not to show that former action by plaintiff, in ejectment for possession of same land, was instituted without her knowledge, consent, or authority, so as to preclude operation of judgment of dismissal therein as bar to subsequent action.

2. Appeal and Error—Whether Land Described in Pleadings and Judgment in Action for Possession Included all Land Described in Subsequent Petition in Ejectment Held Immaterial.—Whether land described in pleadings and judgment of dismissal in former action for possession by plaintiff in ejectment, included all land described in petition, held immaterial, on question whether later

action was barred, in absence of evidence that lands outside boundary described in judgment were ever conveyed to plaintiff.

JOHN CAUDILL for appellant.

E. W. PENDLETON, O'REAR, FOWLER & WALLACE and J. WOODFORD HOWARD for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

Appellant, Farisee Slone, as plaintiff below, filed an action in ejectment against appellee, Elkhorn Coal Corporation, seeking to recover possession of a tract of land in Knott county, Kentucky, containing 300 acres, more or less. By answer appellee traversed the allegations of the petition, and as an affirmative defense pleaded its ownership and possession of the land described in the petition. It further pleaded that while one of its predecessors in title was the owner and in the actual possession of that tract of land she instituted an action in the Knott circuit court to recover possession thereof; that the then owner of the land was a foreign corporation and by proper proceeding duly had the former action was transferred to the United States circuit court for the eastern district of Kentucky; that the cause was duly prosecuted in the latter court to judgment, by which the petition of the plaintiff was dismissed and its predecessors in title was adjudged to be the owner of the land. It pleaded those facts in bar of appellant's right to recover in this action. By way of reply appellant denied that she filed the petition referred to in the answer or that she authorized anyone to do so for her, and pleaded that, if such petition was filed and if the steps were taken as alleged in the answer, all of them were done without her knowledge, consent or authority. She claimed that, therefore, neither the Knott circuit court nor the district court of the United States for the eastern district of Kentucky acquired jurisdiction of her in that action. It may be added that by answer appellee sought to quiet its title of the claims of appellant, and thereafter the action was transferred to equity. Although the parties seem to have pleaded to an issue, two orders appear in the record by which any affirmative allegations not controverted by pleading were taken as controverted of record. By the judgment of the chancellor the petition of the appellant was dismissed and appellee was adjudged to be the owner

of the land and its title quieted of appellant's claims. Hence the appeal.

The entire record of the former action was filed as evidence in this case and it discloses that, as pleaded by appellee, there was filed in the name of appellant a petition to recover possession of the tract of land, the petition being styled "Farisee Slone, plaintiff v. Northern Coal & Coke Company, defendant." It was filed October 4, 1909. The petition for removal of that cause to the United States district court for the eastern district of Kentucky, together with the required bond, was filed November 1, 1909. The order removing the cause was duly entered and in the latter court the cause was prosecuted to judgment, which dismissed the petition and adjudged the defendant to be the owner of the tract of land.

Appellant testified for herself in this cause that she did not authorize the attorney who appears to have filed her petition or anyone else to do so, and that its filing and all the steps taken were without her knowledge or consent.

We will pass the serious question presented as to whether or not appellant may in this action, as was done, attack the validity of the judgment of the United States district court for the eastern district of Kentucky, since our conclusion upon the facts eliminates the necessity of so doing. Although appellant testifies that she did not authorize the former suit to be brought for her and that the attorney who prepared and filed it did so without her knowledge or authority, we find that her testimony is not supported by the other facts appearing in the record. She admits that a short while before that action was instituted the Northern Coal & Coke Company, then in possession of the lands in question, instituted against her and prosecuted to a successful conclusion a forcible entry and detainer proceeding, and that upon the trial of that proceeding she was represented by the same attorney who later filed the former action for her. One of her sons testified that on the same day and after the forcible detainer proceeding was finally tried and determined he paid to that attorney a cash fee to institute the action to recover possession of the lands in question, but that he did so without the knowledge of or authority from his mother. The attorney who filed that action testified in this case that he was employed by appellant to institute the former action; that he declined to act for her unless

part of the fee was paid in cash, and that the son thereupon furnished the money with which to pay his cash fee. After the removal of the cause to the United States court, on motion of the defendant, a rule issued against plaintiff citing her to appear before that court to show cause why she should not make a deposit for costs. The return of S. G. Sharp, United States marshal, on that rule, recites that he executed it by delivering a true copy to Farisee Slone at Leburn, Kentucky, January 24, 1910. It appears that thereafter and on February 3, 1910, in response to that rule, appellant, Farisee Slone, filed in that court her affidavit setting forth that she owned no property, personal or real, except her claim to the land in controversy. On the strength of that affidavit a motion was made to permit her to prosecute that action without cost. Appellant, Farisee Slone, appears to have signed and sworn to that affidavit in person before R. H. Amburgy, clerk of the Knott county court. Thereupon an order was entered in that cause permitting her to prosecute it *in forma pauperis.*

While pending in the federal court, the action appears to have been continued one term on her motion. The place where that court convened appears to have been some considerable distance from the home of appellant and she did not attend at its next term. Whereupon, on motion of defendant, a jury was impaneled and trial had resulting in a verdict and judgment in favor of the defendant.

We, therefore, conclude that the evidence for appellant was not sufficient to establish that the former action was instituted without knowledge, consent or authority from her. Hence, the judgment in the former action bars her right to the relief sought herein and the chancellor properly dismissed her petition.

It is insisted for appellant, however, that the tract of land mentioned and described in the pleadings and judgment in the former action does not cover and embrace all the land described in her petition herein, and that, although this court may conclude that as to the land described in the former judgment, appellant may not recover, yet she has manifested her right to recover herein the lands outside of the boundary described in that judgment. We find that the description of the tract of land in the petition and judgment in the former action is gen-

eral in its terms and that the description of the tract of land claimed by appellant in her petition herein likewise is in general terms. It is difficult to read the two descriptions and determine definitely whether they include and were intended to describe the same area of land. There is contrariety of evidence in this record on that question, some witnesses testifying that the two descriptions cover the same tract of land and others testifying that the description in the petition in this action includes the land described in the former judgment and other lands in addition. We find, however, no evidence in this record that the excess of the boundary as given in the petition herein over that contained in the former judgment, if any there be, was ever conveyed to appellant. It appears that the father of appellant divided his lands among his children. Under the division the lands in controversy herein were allotted and conveyed to his daughter, Perlina Slone. Another tract was set apart for appellant. Before her father conveyed it to her a trade was made by which the tract that had been conveyed to Perlina was exchanged for the tract set apart for appellant. Thereupon appellant's father conveyed the second tract to Perlina, and the only deed that the evidence discloses that Perlina Slone made to carry out the swap was made to Isom Slone, the husband of appellant, Farisee Slone. The lands conveyed to Isom Slone have passed by mesne conveyances to appellee, Elkhorn Coal Corporation. The record contains no evidence that Perlina Slone ever conveyed any of the lands her father had conveyed to her to appellant, Farisee Slone. A stipulation is found in the record that all the lands deeded by Perlina Slone to Isom Slone have passed by subsequent conveyances to appellee, Elkhorn Coal Corporation. Therefore, if the boundary contained in the deed from Perlina Slone to Isom Slone, which is the same boundary as given in the judgment in the former action, does not cover all the lands conveyed by appellant's father to Perlina Slone, appellant failed in this action to manifest her right to recover the excess because she failed to establish that it was ever conveyed to her.

Wherefore, the judgment herein is affirmed.